Citation Nr: 1710381 
Decision Date: 03/16/17 Archive Date: 04/11/17

DOCKET NO. 09-28 464 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disability (TDIU).


REPRESENTATION

Appellant represented by: Robert V. Chisholm, Attorney


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

April Maddox, Counsel


INTRODUCTION

The Veteran served on active duty from February 1981 to January 1984.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2013 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida which granted service connection for right foot pes planus, assigning a 20 percent disability rating effective January 28, 2008.

In April 2016, the Board remanded several claims, including the claim for a higher initial rating for service-connected right foot pes planus, for additional development. Significantly, the Board referred the issue of entitlement to a TDIU to the RO for disposition, finding that this claim had not yet been adjudicated and had not been raised specifically in connection with any rating claim pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009).
 
Thereafter, the Veteran appealed the portion of the April 2016 remand that referred, rather than remanded, the TDIU issue to the RO to the United States Court of Appeals for Veterans Claims (Court). In a September 2016 Joint Motion for Remand (JMR), the Secretary of VA and the Veteran (the parties) moved the Court to vacate the April 2016 decision with respect to referring, rather than remanding, the TDIU issue, which was granted in a September 2016 Order. 

Relevant to the issues remanded in April 2016 (specifically, entitlement to service connection for left foot pes planus, a low back disability, a right elbow disorder, and posttraumatic stress disorder; entitlement to an initial rating greater than 20 percent for right foot pes planus; and whether there was clear and unmistakable error in an August 2006 rating decision denying service connection for right foot pes planus), the Board notes that the development ordered has not yet been completed and these issues have not been recertified to the Board. Therefore, these issues are not properly before the Board at this time.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As above, the September 2016 JMR found that the Board should have taken jurisdiction over the TDIU issue in April 2016 and remanded it, rather than referring it to the RO in the introduction of its decision. Godfrey v. Brown, 7 Vet. App. 398, 409-10(1995); see also Rice, 22 Vet. App. at 453-54. Specifically, it was noted that the Veteran filed a formal request for a TDIU in December 2015 and noted that all of his service-connected disabilities were preventing him from securing or following any substantially gainful occupation. However, in December 2015 correspondence (which was submitted in conjunction with the TDIU issue) the Veteran testified how his service-connected pes planus was negatively impacting his employability. 

A review of the claims file shows that the Veteran has not been substantially and gainfully employed during the pendency of the claim (beginning January 28, 2008) for a higher initial rating for service-connected right foot pes planus. Specifically, the Veteran's December 2015 formal application for a TDIU shows that he last worked full-time in 2002 and that he last worked part-time in 2007. Significantly, the Veteran was involved in a work-related crane injury to the right shoulder in September 2004 and has not worked full-time since that injury. An April 2009 decision from the Social Security Administration shows that the Veteran has been in receipt of disability benefits due to right shoulder, back, and right knee disabilities since October 2004. However, a March 2011 statement from the Veteran's employer shows that the Veteran works on an as needed basis but never more than ten hours per week. 

Pursuant to the September 2016 JMR, on remand, the Veteran should be provided notice regarding the information and evidence necessary to substantiate a TDIU. Also, given the conflicting evidence regarding whether the Veteran is currently working and, if so, how often, the Board finds that a remand is necessary in order to request that the Veteran provide an updated VA Form 21-8940 (Veteran's Application for Increased Compensation Based on Unemployability) that includes details regarding his employment history. Finally, a medical opinion should be obtained regarding the effects of his service-connected disabilities of his ability to maintain substantial and gainful employment.

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran with proper notice regarding the evidence and information necessary to substantiate his TDIU claim. He should also be requested to complete and return an updated VA Form 21-8940 (Veteran's Application for Increased Compensation Based on Unemployability).

2. In conjunction with the claims remanded in April 2016, a medical opinion should be obtained regarding whether the Veteran's service-connected disability has affected his ability to work by assessing his occupational impairment, if any. Specifically, the examiner is asked to comment as to the functional impairment/limitations imposed by the Veteran's service-connected disability (currently, right foot pes planus). If service connection for additional disabilities is later granted, the opinion should consider the effect that such disabilities either singularly and/or jointly, have on his ability to secure or follow a substantially gainful occupation, taking into consideration his level of education, special training, and previous work experience, but not his age or any impairment caused by nonservice-connected disabilities. 

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the Veteran's claim should be readjudicated based on the entirety of the evidence. If the claim remains denied, the Veteran and his representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
L. M. BARNARD
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).